```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION

WANDA C. RANDALL and JOHN F.    *
NAPPY,
                                *
     Plaintiffs,
                                *
vs.
                                *     CASE NO. 3:16-cv-147 (CDL)
JACKSON COUNTY, GEORGIA, et
al.,                            *

     Defendants.                *
```

O R D E R

Plaintiffs Wanda C. Randall and John F. Nappy filed their Complaint alleging three substantive counts. In Count One, Randall asserts 42 U.S.C. § 1983 claims against the City of Commerce, Georgia and several unnamed Commerce officials, alleging that Commerce police officers improperly arrested her in 2012 and that other Commerce officials denied her request for counsel. *See* Compl. ¶¶ 21-47, ECF No. 1. Plaintiffs do not allege the residency of any of the officers. In Count Two, Randall asserts § 1983 claims against Athens-Clarke County, Georgia, alleging that Athens police officers improperly arrested her in 2015. *See id.* ¶¶ 48-78. In Count Three, Randall and Nappy assert § 1983 claims against the police department of Gwinnett County, Georgia, alleging that Gwinnett County police officers improperly detained them in 2016 and

denied Nappy access to medical treatment.  *See id.* ¶¶ 79-100. Plaintiffs do not allege the residency of any of the officers.

Based on the Court's review, Counts One, Two, and Three assert three separate substantive claims based on the alleged conduct of three separate groups of Defendants.  It is not clear from the face of the Complaint how these claims and Defendants are properly joined under Federal Rules of Civil Procedure 18 and 20(2).  Thus, it appears that the claims should be severed under Rule 21.

In addition, it appears that venue is not proper in the Middle District of Georgia for all three claims.  *See* 28 U.S.C. § 1391(b) (explaining that venue is proper in a judicial district where any defendant resides or in a judicial district where a substantial part of the events giving rise to the claim occurred).  Based on the Court's review of the Complaint, only the events giving rise to Count Two took place in the Middle District of Georgia.  *See* 28 U.S.C. § 90(b)(1) (stating that Clarke County is in the Athens Division of the Middle District of Georgia).

The events giving rise to Count One took place in Commerce, Georgia.  Therefore, venue is proper in the judicial district for Commerce, Georgia.  As Plaintiffs acknowledge, Commerce, Georgia is in Jackson County, Georgia.  Jackson County is in the Gainesville Division of the Northern District of Georgia.

*Id.* § 90(a)(1). Thus, based on Plaintiffs' allegations, venue for Count One is proper in the Northern District of Georgia, not the Middle District.

The events giving rise to Count Three took place in Gwinnett County, Georgia. Gwinnett County is in the Atlanta Division of the Northern District of Georgia. *Id.* § 90(a)(2). Thus, based on Plaintiffs' allegations, venue for Count Three is proper in the Northern District of Georgia, not the Middle District.

Under 28 U.S.C. § 1406(a), if a case lays venue in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because venue for Counts One and Three is not proper in the Middle District of Georgia, Counts One and Three should be dismissed under § 1406(a). Given that the claims asserted in Counts One and Three are contained in one complaint but should be filed in two separate divisions in the Northern District, the Court does not find transfer to be feasible. Plaintiffs may refile those claims in the district and division where venue is proper.

CONCLUSION

Counts One and Three of Plaintiffs' Complaint are dismissed without prejudice for improper venue. The only claim that remains pending in this court is Wanda C. Randall's claim

contained in Count Two of the Complaint.  Within fourteen days of today's order, Plaintiff Randall shall file with the Clerk proposed summonses for each Defendant under Count Two of her Complaint so that the clerk may prepare and issue the summonses for these Defendants.  Failure to do so will result in dismissal of the remainder of this action for lack of prosecution.

    IT IS SO ORDERED, this 26th day of October, 2016.

                                       S/Clay D. Land
                                       CLAY D. LAND
                                       CHIEF U.S. DISTRICT COURT JUDGE
                                       MIDDLE DISTRICT OF GEORGIA