```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                     ATHENS DIVISION
```

WANDA C. RANDALL,                   *

    Plaintiff,                  *

vs.                                 *
                                      CASE NO. 3:16-cv-147 (CDL)
ATHENS CLARKE COUNTY, GEORGIA       *
and SCOTT BOSWELL,
                              *

    Defendants.
                              *

## O R D E R

Plaintiff Wanda Randall, who is proceeding pro se, filed a motion for summary judgment (ECF No. 21). Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Randall contends that the "uncontroverted evidence . . . demonstrates that" Defendant Athens-Clarke County and its agents "deprived Randall of her constitutional rights." Pl.'s Mot. for Summ. J. ¶ 14, ECF No. 21. But Randall did not point to any actual evidence in support of her motion. Rather, she submitted an unsigned, unsworn "affidavit" that consists chiefly of legal conclusions. This "affidavit," which doubles as Randall's summary judgment brief, does not state that it is made on personal knowledge. It is not sworn or notarized, and it does not state that it is made under penalty of perjury. Therefore,

the Court cannot consider Randall's "affidavit" as evidence in support of her motion.  *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); 28 U.S.C. § 1746 (requiring that an unsworn declaration be made under penalty of perjury to have the same force and effect as a sworn affidavit).

Even if the Court could consider Randall's "affidavit"—which it cannot for the reasons set forth above—the "affidavit" does not satisfy the Court's local rules, which require a summary judgment movant to submit a separate and concise statement of material facts in support of a summary judgment motion.  M.D. Ga. R. 56.  "Affidavits . . . do not constitute a statement of material facts."  *Id.*  And, if material facts are "not supported by specific citation to particular parts of materials in the record," the Court will not consider them.  *Id.*  Finally, "statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the court."  *Id.*  Here, Randall did not file a separate statement of material facts, she did not support her "material facts" with citations to the record, and many of her statements are in the form of legal conclusions.  In sum, Randall did not submit a

2

statement of material facts that complies with the Court's local rules; without such a fact statement, Randall failed to establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For all of these reasons, Randall's "summary judgment motion" is denied.

Defendant Athens-Clarke County contends that Randall filed her "summary judgment motion" in bad faith and asks that the Court impose sanctions on Randall.  The Court declines to impose sanctions at this time.  It is not clear from the present record that Randall acted in bad faith; rather, it appears that she simply has not taken the time to acquaint herself with the applicable rules.  Randall is on notice that if she files a similar "motion" in the future without following the applicable Federal Rules of Civil Procedure and the Court's Local Rules, she may be subject to sanctions if it appears to the Court that she made her filing in bad faith.

The Court notes that Randall has not yet filed a proof of service demonstrating that Defendant Scott Boswell has been served in accordance with the law.  It has been more than ninety days since Randall filed this action on October 26, 2016 and more than ninety days since the Court reopened this action on December 5, 2016 and ordered Randall to serve each Defendant in accordance with the law.  Under Federal Rule of Civil Procedure

3

4(m), the time limit for service is ninety days.  Within fourteen days of today's Order, Randall shall show good cause why her claims against Boswell should not be dismissed for failure to perfect service on him.  If Randall does not show good cause for this failure, her claims against Boswell will be dismissed without prejudice in accordance with Rule 4(m).

CONCLUSION

As discussed above, Randall's summary judgment motion (ECF No. 21) is denied.  The Court declines to impose sanctions on Randall at this time.  Within fourteen days of today's Order, Randall shall show good cause why her claims against Boswell should not be dismissed for failure to perfect service on him.

IT IS SO ORDERED, this 15th day of March, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA