```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
             ATHENS DIVISION
```

WANDA C. RANDALL,                *

    Plaintiff,             *

vs.                              *
                                      CASE NO. 3:16-cv-147 (CDL)
ATHENS CLARKE COUNTY, GEORGIA    *
and SCOTT BOSWELL,
                                 *
    Defendants.
                                 *

## O R D E R

Presently pending before the Court is the summary judgment motion of Defendant Athens Clarke County ("ACC"). As discussed below, the motion (ECF No. 33) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. Id.

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

ACC submitted a statement of undisputed material facts with its summary judgment motion. Plaintiff Wanda Randall, who is proceeding *pro se*, received a notice regarding the significance of ACC's summary judgment motion and of her opportunity to respond to the motion and statement of material facts. Notice to Pro Se Party of Mot. for Summ. J., ECF No. 34. Randall did not respond to the motion or to ACC's statement of material facts. Therefore, ACC's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court reviewed ACC's citations to the record to confirm that they support ACC's fact statements.

DISCUSSION

Randall alleges that unnamed ACC police officers arrested her based on a false report by Randall's former employer, Scott Boswell. Compl. ¶¶ 68, 70, ECF No. 1. Randall further alleges that these unnamed officers knew or should have known that there was no legitimate outstanding arrest warrant for Randall. *Id.* ¶¶ 72, 76. She asserts § 1983 claims against ACC based on this arrest.

Randall alleged in her Complaint that she was arrested on July 2, 2015. According to ACC, however, there is no record of an arrest of Randall on July 2, 2015. There is an arrest record for "Wanda Holly Chastain" on August 7, 2015, and ACC contends that Randall's claims are based on this arrest. According to ACC, Randall confirmed in her interrogatory responses that she was known as Wanda Holly Chastain before she was married and changed her name to Wanda C. Randall. Randall Interrog. Resp. ¶ 8, ECF No. 33-2 at 16. Randall did not present any evidence to dispute that she is, in fact, Wanda Holly Chastain. Randall also did not dispute that her claims are based on the August 7, 2015 arrest, and she did not present any evidence to show that she was arrested on July 2, 2015. The Court thus concludes that Randall's claims are based on the August 7, 2015 arrest.

ACC presented evidence that warrants were issued for the arrest of "Wanda Holly Chastain" on charges of financial

transaction card fraud and theft by taking. Arrest Warrants, ECF No. 33-3 at 6, 8, 10. ACC also presented evidence that Randall was arrested on August 7, 2015 pursuant to the warrants. Arrest Report, ECF No. 33-3 at 4. Again, Randall did not point to any evidence to dispute that she is Wanda Holly Chastain, and she did not point to any evidence to dispute that she was arrested pursuant to arrest warrants on August 7, 2015.

Finally, Randall did not present any evidence to suggest that the warrants were invalid. An arrest pursuant to an arrest warrant that is supported by probable cause does not generally violate the Fourth Amendment. *See, e.g., Carter v. Butts Cty., Ga.*, 821 F.3d 1310, 1319 (11th Cir. 2016) (stating that "where probable cause supports an arrest, it acts as 'an absolute bar to a section 1983 action for false arrest.'") (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004)). Here, Randall did not present any evidence to suggest that the officer who swore out the warrants lacked probable cause to do so, and she did not present any evidence to suggest that the arresting officers knew that there was no probable cause to support the arrest. Based on the present record, Randall was arrested pursuant to a valid arrest warrant. Her § 1983 claim against ACC thus fails, and ACC is entitled to summary judgment.

4

CONCLUSION

For the reasons set forth above, ACC's summary judgment motion (ECF No. 33) is granted.

In addition, Randall's claims against Defendant Scott Boswell are dismissed without prejudice. The Court previously noted on March 15, 2017 that Randall had not filed a proof of service demonstrating that Boswell has been served in accordance with the law. The Court ordered Randall to show good cause why her claims against Boswell should not be dismissed for failure to perfect service on him. Mar. 15, 2017 Order 4, ECF No. 27. Randall did not show cause for her failure to perfect service on Boswell, and she did not file a proof of service for Boswell. Her claims against Boswell are therefore dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED, this 8th day of November, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA